UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOMO JUTEE.                       DEMAND FOR JURY TRIAL
MUNA PAYE,
Plaintiffs,

-vs.-

EQUITYEXPERTS.ORG, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFFS, FLOMO JUTEE AND MUNA PAYNE, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN, and for their Complaint against the Defendants pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. § 1367.

## VENUE

3. Defendant's principal place of business is in the County of Wayne, State of Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiffs are natural persons residing in Romulus, Wayne County, Michigan. Plaintiffs are "consumers" and "persons" as the terms are defined and used in the FDCPA. Plaintiffs are "consumers," "debtors" and "persons" as the terms are defined and or used in the MCPA and MOC.

6. The Defendant to this lawsuit is EquityExperts.Org, LLC, which is a Michigan company that maintains its principal place of business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiffs ("the alleged Debt") to Highland Estates ("the Association") in the amount of $4,465.00.

8. Plaintiffs HOA dues are $125, which are due quarterly.

9. In 2011, Plaintiffs allegedly fell behind on their payments. The Association sent Plaintiffs a letter stating the residents would be assessed a flat $500 fee immediately. Plaintiffs were unable to pay the $500 immediately and fees were attached.

10. On or about September 7, 2011, Plaintiffs received a correspondence from Defendant stating that Plaintiffs have 10 days to pay $1,181.00 or the balance will rise to $1,931.00. Defendant threatened to place a lien on the property that can have a significant negative impact their credit rating. Plaintiffs negotiated to pay $1,231.00 to avoid a lien being placed on their property.

11. Plaintiffs received an account statement dated November 14, 2012 from the Association showing that Plaintiffs owed a balance of $325.00.

12. Plaintiffs received a letter from Defendant dated December 14, 2012 with a Homeowner Statement stating a current balance of $620.00; the letter threatened that a lien will be recorded to secure payment and that the lien can have a significant negative impact on their credit rating and foreclosure could occur; the statement showed Plaintiffs were charged excessive fees on December 14, 2012. Plaintiffs were charged a Standard Account Set-Up fee in the amount of $175.00 and an Intent to Record Lien package in the amount of $95.00, bringing the current balance to $620.00.

13. On Jan 2, 2013, Plaintiffs sent a correspondence to Defendant noting the lack of responses to messages and disputing the balance of $620.00. Plaintiffs explained that they made numerous attempts to contact Defendant. Plaintiffs stated their last payment was received by the Association June 5, 2012.

14. Plaintiffs received a correspondence dated January 18, 2013 from Defendant claiming that Plaintiffs are behind on their HOA dues and a notice of lien was sent to the Register of Deeds for recording; the letter stated that the lien can have a significant impact on their credit rating; the correspondence further stated, unless full payment is made within 10 days, foreclosure proceedings will be commenced and unless Plaintiffs paid $1,165.00, the balance will be increased to at least $1,915.00; Defendant attached an unsigned copy of the Lien for Nonpayment of Condominium Assessments.

15. Plaintiffs received a correspondence dated February 5, 2013 from Defendant stating Plaintiffs owe a current balance of $1,560.00.

16. Plaintiffs received a correspondence dated February 12, 2013 from Defendant stating Plaintiffs owe a current balance of $795.00. Further, Defendant states Plaintiffs should disregard the previous correspondence dated February 5, 2013.

4

17. On February 14, 2013, Plaintiffs retained an attorney to help them negotiate a settlement for the alleged Debt. Plaintiffs' attorney negotiated a settlement of $795.00 and Plaintiffs paid the settlement amount. However, Plaintiffs disagreed with the balance.

18. On or about March 26, 2013, Plaintiffs received a paid in full letter from Defendant and a copy of a Release of Lien.

19. Plaintiffs received a correspondence dated June 27, 2016 from Defendant stating that the balance due is $770.00. Further, Defendant threatened to place a lien on Plaintiffs home if they do not pay the balance. In addition, Defendant attached a Collection Activity & Cost Notice which showed the following excessive fees Defendant will charge if the balance remains unpaid:

   a. Day 1 - An Open Collection File & FDCPA Compliance Assurance Package and Notice of Intent to Record Lien Package charge in the amount of $270.00;

   b. Day 55 – A Lien Recording and Discharge Package charge in the amount of $395.00 + Any Attorney's Fees and/or Filing Fees Incurred;

    c. Day 65 – An Escalated Debtor Outreach (EDO) Service Package charge in the amount of $350.00. Then $100.00 for each additional letter EDO letters #2 - #4;

    d. Day 95 – A Post Outreach Lien Enforcement (Pole) Package charge in the amount of $650.00. Then $100.00 for each additional letter, Pole letters #2 - #7;

    e. Day 200 – An Extended Outreach (EO) Package charge monthly in the amount of $100.00.

    f. Varies – A Ongoing Monthly Maintenance Fee charge monthly in the amount of $100.00 until the balance, including collection fees, are paid in full.

20. Plaintiffs received a correspondence dated July12, 2016 from Defendant stating that a lien has been mailed for recording against their property. Further, Defendant states in the letter that the balance due is $1,290.00 and if Plaintiffs do not pay the balance within 10 days, Defendant will escalate its collection process and charge additional fees.

21. In July, 2016, Plaintiffs retained Stave & Associates, P.C. to resolve the alleged Debt. On or about July 26, 2016, Stave & Associates sent Defendant a correspondence to Land Arc Property Management Company stating that it

illegally filed a lien against their property and asked Land Arc to contact their office.

22. On or about November 21, 2017, Plaintiffs received a response to their request for validation. Defendant attached an Account History Report from the Association which shows a current balance of $1,399.19. Further, Defendant attached a Statement of Account showing the following excessive charges:

   a. A "FDCPA Compliance Assurance/Pre-Lien" fee was charged on May 18, 2016, in the amount of $270.00;

   b. A "Lien Recording and Discharge" was charged on July 12, 2016, in the amount of $395.00;

   c. An "Escalated Outreach (EDO) Service" was charged on July 22, 2016, in the amount of $350;

   d. An "EDO 2" was charged on August 1, 2016, in the amount $100;

   e. An "EDO 3" was charged on August 11, 2016, in the amount $100;

   f. An "EDO 4" was charged on August 22, 2016, in the amount of $100;

   g. A "Post Outreach Lien Enforcement (Pole)" was charged on September 9, 2016, in the amount of $650;

   h. A "Pole 2" fee was charged on September 26, 2016, in the amount of $100;

i. A "Post Outreach Lien Enforcement 3" fee was charged on October 13, 2016 in the amount of $100;

j. A "Pole 4" fee was charged on November 1, 2016, in the amount of $100;

k. A "Pole 5" fee was charged on November 23, 2016, in the amount of $100;

l. A "Pole 6" fee was charged on December 12, 2016, in the amount of $100;

m. A "Pole 7" fee was charged on December 29, 2016 in the amount of $100;

n. An "Extended Outreach 1 (ITF)" fee was charged on January 18, 2017, in the amount of $100;

o. An "Extended Outreach 2" fee was charged on February 17, 2017, in the amount of $100;

p. An "Extended Outreach 2" fee was charged on March 22, 2017, in the amount of $100;

q. An "Extended Outreach 2" fee was charged on April 21, 2017, in the amount of $100;

r. An "Extended Outreach 2" fee was charged on May 22, 2017, in the amount of $100;

  s. An "Extended Outreach 2" fee was charged on June 23, 2017, in the amount of $100;

  t. An "Extended Outreach 2" fee was charged on July 25, 2017, in the amount of $100;

  u. An "Extended Outreach 2" fee was charged on August 25, 2017, in the amount of $100;

  v. An "Extended Outreach 2" fee was charged on September 26, 2017, in the amount of $100; and

  w. An "Extended Outreach 2" fee was charged on October 26, 2017, in the amount of $100.

23. Plaintiffs have suffered pecuniary and emotional damages as result of Defendant's actions.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiffs reincorporate the preceding allegations by reference.

25. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

26. Plaintiffs are "consumers" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

9

27. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this section of the FDCPA by charging excessive fees, charging for services that were not performed when charged, overcharging for services allegedly performed by Defendant and filing a lien to collect the Debt;

   b. 15 U.S.C. § 1692e(2)(A) by a false representation of the character, amount or legal status of any debt. Defendant misrepresented the amount of the alleged Debt, charging excessive fees, charging for services that were not performed when charged, overcharging for services allegedly performed by Defendant and filing a lien to collect the Debt;

   c. 15 U.S.C. § 1692e(2)(B) by a false representation of any services rendered or compensation which may be lawfully received by charging excessive fees, charging for services that were not performed

when charged, overcharging for services allegedly performed by Defendant and filing a lien to collect the Debt;

d. 15 U.S.C. § 1692e(4) by representing that nonpayment of a debt could result in the sale of property when sale is not authorized by law. Defendant violated this provision by filing a lien to force payment of excessive charges and fees as well as services that were not rendered by Defendant prior to charging Plaintiffs;

e. 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. Defendant violated this provision by filing a lien to force payment of excessive charges and fees as well as services that were not rendered by Defendant prior to charging Plaintiffs;

f. 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive fees, charging for services that were not performed when charged, overcharging for services allegedly performed by Defendant and filing a lien to collect the Debt;

g. 15 U.S.C. § 1692f by maintaining a lien against a debtor's home to coerce payment of excessive charges and fees as well as services that

      were not rendered by Defendant prior to charging Plaintiffs exposing Plaintiffs to publicity and potentially damaging their credit; and

  h.  15 U.S.C. § 1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive fees for the alleged Debt, charging for services that were not performed when charged, overcharging for services allegedly performed by Defendant and filing a lien to collect the Debt;

29. Plaintiffs have suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFFS PRAY** that this court grants them a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

30. Plaintiffs incorporate the preceding allegations by reference.

31. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

32. Plaintiffs are debtors as that term is defined in M.C.L. § 339.901(f).

33. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by charging Plaintiffs excessive fees;

   b. MCL § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

34. Plaintiffs have suffered damages as a result of these violations of the Michigan Occupational Code.

35. These violations of the Michigan Occupational Code were willful and Plaintiffs are entitled to treble damages pursuant to MCL § 339.916.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiffs request that the Court grant them the following relief against Defendant:

   a. Actual damages;

   b. Statutory damages; and

   c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

Dated: December 29, 2017 /s/ Gary Nitzkin
_____ GARY D. NITZKIN (P41155)
GARY SCHWARTZ (P70335)
MARK LINTON (P66503)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com